UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP, Petitioner, vs. BOB DOOLEY, DARIN YOUNG, and JASON RAVNSBORG, Attorney General of the State of South Dakota, Respondents. | 4:20-CV-04177-LLP ORDER DISMISSING PETITION |

Petitioner, Kevin Christopher Micheal Tripp, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Doc. 1. It appears from the petition that Tripp has three prior state court convictions: a sexual contact with a child conviction, an aggravated assault conviction, and a sliming conviction. Id. at 1. This is Tripp's fifth such petition. His first petition was dismissed without prejudice on his own motion so he could exhaust his state court remedies. See Tripp v. Dooley, 4:19-CV-04079-LLP, Docs. 21, 22. Tripp's second and third petitions were dismissed without prejudice for failure to exhaust. See Tripp v. Warden of S.D. State Penitentiary, 4:19-CV-04120-LLP, Docs. 20, 22, 23; Tripp v. Dooly, 4:19-CV-04162-LLP, Docs. 6, 8, 9. Tripp's fourth petition was dismissed without prejudice on Tripp's own motion to withdraw. See Tripp v. Dooley, 4:20-CV-04095-LLP, Docs. 13, 14, 15.

As the court previously advised in Tripp's prior habeas cases, there are a number of procedural rules that apply to an application for habeas relief by a state prisoner under § 2254.

Chief among them is the doctrine of state court exhaustion, which limits federal habeas review of state court convictions as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>     (A) the applicant has exhausted the remedies available in the courts of the state; or
>     (B)   (i) there is an absence of available State corrective process; or
>            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). The above codifies what was previously a judicial doctrine of exhaustion.

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

What all this means in plain English is that Tripp must receive a decision from the South Dakota state habeas court first, and then a decision from the South Dakota Supreme Court on his habeas petition, before proceeding in this Court. Here, Tripp attached to his petition a state application for writ of habeas corpus dated November 9, 2020. Doc. 1-1 at 1-9. Tripp has not presented any evidence that the attached application for writ of habeas corpus has been fully adjudicated by a South Dakota circuit court and the South Dakota Supreme Court. Thus, the Court dismisses Tripp's present habeas petition for failure to exhaust his state remedies.

Accordingly, based upon the record,

IT IS ORDERED:

1.  That Tripp's motion to proceed in forma pauperis (Doc. 2) is denied.

2.  That Tripp's petition under 28 U.S.C. § 2254 for writ of habeas corpus (Doc.1) is dismissed without prejudice.

DATED December 17, 2020.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge